NO. 07-00-00195-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 30, 2000 

______________________________

SANDY JOE WALKER,

Appellant

V.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 174
TH
 DISTRICT COURT OF HARRIS COUNTY;

NO. 833889; HON. GEORGE GODWIN, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

Sandy Joe Walker (appellant) appeals a conviction of driving while intoxicated, a third degree felony for which he was sentenced to serve twenty-seven years in the Texas Department of Corrections Institutional Division.  Appellant timely filed a pro se notice of appeal and, subsequently, the trial court appointed counsel to represent him on appeal.  Following the filing of the clerk’s and court reporter’s records, appellant’s counsel filed a motion with this Court requesting an additional thirty days in which to file appellant’s brief which was originally due on June 30, 2000.  In the motion, appellant’s counsel cited as good cause for the extension that “counsel has been unable to prepare the brief in that counsel has prepared and filed other briefs before the Courts of Appeals” and that “[C]ounsel is unable devote [sic] adequate time.”  This Court granted appellant’s motion and extended the due date of his brief to July 31, 2000.

Thereafter, on August  4, 2000, appellant’s counsel filed a motion identical to the first one in which he requested another thirty-day extension of time in which to file appellant’s brief.  The second motion was granted by this Court with the admonishment that, absent extreme and unusual circumstances, additional extension would not be granted.  Pending before this Court is appellant’s third motion for an extension of time, which is virtually identical to the prior two motions, which asserts virtually the identical, conclusory grounds mentioned in the first two motions, and in which he requests an additional thirty days to file appellant’s brief.    

This Court finds that the reasons contained in appellant’s third motion for extension of time are neither extreme nor unusual.  We, therefore, deny the motion for an extension and abate this appeal and remand the cause to the 174
th
 District Court of Harris County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

whether appellant desires to prosecute the appeal; and

2.   whether appellant is indigent and entitled to appointed counsel.   

The trial court shall cause the hearing to be transcribed.  Furthermore, should the court determine that appellant desires to continue to prosecute this appeal and is indigent, then the trial court shall remove Floyd Freed, III, as appellant’s counsel of record due to his apparent inability to file a timely brief and potential ineffectiveness of counsel.  
See
 
Evitts v. Lucey
, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).  The name, address, telephone number, and state bar number of said newly appointed counsel shall be included in the order appointing new counsel.  In addition, the trial court shall execute findings of fact and conclusions of law addressing the aforementioned issues and cause same to be included in a supplemental clerk’s record.  Finally, the trial court shall file the supplemental clerk’s record and the transcription of the hearing with the Clerk of this Court by September 29, 2000.  Should further time be needed by the trial court to perform these tasks, then same must be requested before September 29, 2000. 

It is so ordered.

Per Curiam

Do not publish.